UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/2019

BEATRICE SHIRLEY WILLIAMS STEELE,

Plaintiff,

-against-

ZHEJIANG HUSHAI PHARMACEUTICAL
CO LTD.; SANDOZ'S PRODUCTS
TORRENT, Subsidiary of Novartis Swiss
Multinational Pharmaceutical Co.; HETERO
LABS LIMITED TORRENT,

Defendants.

19-CV-4106 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332, alleging that she was injured by a medication prescribed to her by her doctor. By order dated May 28, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Beatrice Shirley Williams Steele resides in the Bronx, and she filed this complaint against "Zhejiang Hushai Pharmaceutical Co. Ltd."; "Sandoz's Products Torrent subsidiary of Novartis Swiss Multinational Pharmaceutical Co.," and "Hetero Labs Limited Torrent." The complaint contains the following allegations. Plaintiff's doctor prescribed Losartan for high blood pressure. Plaintiff received a notice from CVS pharmacy that certain lots of Losartan had been recalled because "an unexpected impurity was found in these products that may cause a potential health hazard or safety risk to plan members who may be using product affected by this recall." (ECF No. 2 at 8.) Plaintiff experienced headaches, numbness in her hands, leg cramping, weakness, shortness of breath, and nausea. Plaintiff does not explicitly state that the Losartan she received was part of one of the recalled lots, or that the Losartan caused the complained-of conditions.

Plaintiff does not provide service addresses for Defendants. An internet search shows that Zhejiang is headquartered in China, and Hetero Labs is headquartered in India; both entities have New Jersey offices. Sandoz is headquartered in Germany, but Plaintiff alleges that it is a subsidiary of Novartis, a Swiss company with a New York office.

## DISCUSSION

### A. Jurisdictional Issues

The allegations in the complaint do not suggest any claims arising under federal law, and therefore this Court does not have federal question jurisdiction over the case. The complaint could be liberally construed as asserting a products liability claim under the Court's diversity

jurisdiction. Under New York law, there are four separate theories under which a plaintiff may recover based upon a claim of products liability: (1) strict liability; (2) negligence; (3) express warranty; and (4) implied warranty. *See Hilaire v. DeWalt Indus. Tool Co.*, 54 F. Supp. 3d 223, 251 (E.D.N.Y. 2014); *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106-07 (1983). To establish a *prima facie* case with regard to any of these four theories, the plaintiff must show that the product at issue was defective and that the defective product was the actual and proximate cause of her injury. *Voss*, 59 N.Y.2d at 107-09, *see also* 89 N.Y. Jur. 2d Products Liability § 2.

Because Plaintiff does not state that the medication she received was in one of the recalled lots, or that the medication caused the conditions she complains of, it is not clear that Plaintiff can state a products liability claim. Therefore, it is unclear whether there is diversity jurisdiction in this case.

**B.    Service Issue**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

But Plaintiff must provide addresses where Defendants may be served. *See, e.g., Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007) ("Although plaintiffs proceeding in forma pauperis are entitled to rely upon the United States Marshal to effect service, that reliance is not absolute; plaintiffs always retain the obligation to provide the process servers with the necessary information and to generally make diligent efforts" to ensure that the service was effected.) If Plaintiff needs assistance with this matter, she may contact the NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal

clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in the Southern District of New York. A copy of the flyer with details of the clinic is attached to this order.

## C.    Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff is granted leave to amend her complaint to provide service addresses for Defendants, and to provide any additional facts in support of a products liability claim, including whether the medication she received was in one of the recalled lots, or that the medication caused the conditions of which she complains.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The plaintiff's complaint is dismissed without prejudice. The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4106 (JGK). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 3, 2019
         New York, New York

_____
JOHN G. KOELTL
United States District Judge