USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEATRICE SHERLEY WILLIAM STEELE,

Plaintiff,

-against-

SANDOZ'S PRODUCTS TORRENT, *Subsidiary of Novartis Swiss Multinational Pharmaceutical Co.*; HETERO LABS LIMITED TORRENT; ZHEJIANG HUSHAI PHARMACEUTICAL CO., LTD.,

Defendants.

1:19-cv-4106 (MKV)

**MEMORANDUM OPINION AND ORDER CLARIFYING PLEADINGS, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND TRANSFERRING CASE**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, proceeding *pro se* and *in forma pauperis*, [ECF No. 5], initiated this action with the filing of a complaint, alleging that she was prescribed a drug called losartan, certain lots of which were thereafter recalled for impurity-based health hazards. [ECF No. 2]. Judge Koeltl, to whom this case was initially assigned, dismissed the complaint *sua sponte* with leave to amend. [ECF No. 6]. In so doing, he directed Plaintiff to provide "additional facts in support of a products liability claim, including whether the medication she received was in one of the recalled lots, or that the medication caused the conditions of which she complains." *Id.* at 4. Plaintiff filed an amended complaint. [ECF No. 7] (the "Amended Complaint" or "AC"). In short, she again alleges that she "was prescribed the drug Losartan," certain manufacturers issued recalls, and she developed serious injuries as a result of taking the drug. AC at 8–9 (citation modified).[1]

Sandoz Inc. ("Sandoz") filed a letter with the Court indicating that "plaintiff . . . has failed to identify appropriate defendants in this action," including because her reference in the case

[1] Because of irregularities in the pagination native to the Amended Complaint, the Court notes that its citations to that document are to the ECF-stamped pagination.

caption to "Sandoz's Products Torrent" appears to conflate "two distinct entities sharing no affiliation," and because she "has made no allegations concerning Sandoz" in the Amended Complaint. [ECF No. 13] at 1–2. Making this point is the sole purpose for which Sandoz has appeared in this case. *Id.* at 1.

Shortly thereafter, Torrent Pharma, Inc. ("Torrent"), together with Huahai U.S., Inc. ("Huahai U.S."), Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP"), and Hetero USA, Inc. ("Hetero USA") filed a letter through counsel to Torrent asking that the Court:

> enter an order (i) clarifying the defendants named in this suit, (ii) transferring this action to the U.S. District Court for the District of New Jersey Camden Vicinage, where similar cases and a related multidistrict litigation [("MDL")] are pending, and (iii) staying all other matters and deadlines in this action pending the District of New Jersey's establishment of a schedule for all losartan actions.

[ECF No. 15] at 1.

Judge Koeltl convened a conference, at which Plaintiff declined to appear. [ECF No. 23]. Shortly thereafter, Judge Koeltl issued an Order staying this case pending "a decision by the MDL panel as to whether this case (or similar cases) should be transferred to the District of New Jersey, 19md2875." [ECF No. 21]. In the same Order, he counselled that, "if any defendants wish to make a motion to dismiss before this case is transferred to the District of . . . New Jersey, the moving defendant should advise the plaintiff and the Court before the case is transferred." *Id.*

Sandoz thereupon moved for clarification that it is not actually a defendant in this case, or, in the alternative, dismissal under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 33]. Plaintiff failed to respond. Sandoz filed a reply in further support of its unopposed motion. [ECF No. 40]. The Court granted Plaintiff additional time to respond. [ECF No. 41]. In the interim, the case was reassigned to me. Plaintiff sought a further extension, [ECF No. 42], which the Court granted, [ECF No. 43]. Plaintiff thereafter filed a letter opposing Sandoz's motion. [ECF No. 44]. Sandoz filed a second reply. [ECF No. 45]. Plaintiff filed four additional letters. [ECF Nos. 46–

49]. Sandoz filed a reminder of its pending motion. [ECF No. 50]. Plaintiff filed another letter. [ECF No. 51].

Despite the multiplicity of filings, the Parties failed to "update[] the Court on the status of the MDL decision" as initially directed by Judge Koeltl. [ECF No. 54]. Accordingly, the Court issued an Order directing them to do so and, furthermore, to show cause why the case should not be dismissed for lack of subject matter jurisdiction. *Id.* at 1–2. The Court also denied Sandoz's pending motion without prejudice to renewal in the event that subject matter jurisdiction was determined to exist. *Id.* at 2.

Plaintiff responded. [ECF Nos. 55, 56]. Sandoz and Torrent also filed a joint response indicating that they are unable to make "assurances as to the existence of diversity jurisdiction (or its absence) because plaintiff did not name actual entities in her Complaint." [ECF No. 57] at 1. Nevertheless, they went on to provide places of incorporation and principal places of business for the various "corporate entities with names that may involve some of the words mentioned by plaintiff." *Id.* That information—including a correction of a prior misstatement of Sandoz's place of incorporation as New York, which would have defeated diversity jurisdiction—was adequate to assure the Court of its jurisdiction.

Sandoz and Torrent further advised that "the Judicial Panel for Multidistrict Litigation . . . [had] expanded the scope of MDL No. 2875 to include claims involving losartan-containing medications." *Id.* at 2 (citation modified, citing *In re Valsartan Prods. Liab. Litig.*, 433 F. Supp. 3d 1349, 1351–52 (J.P.M.L. 2019) (MDL No. 2875)). They also noted that no entity "has been served with process," [ECF No. 57] at 1, and, furthermore, that since "Torrent . . . , Torrent Pharmaceuticals Ltd., Hetero Labs Ltd, Hetero USA . . . , and [ZHP] have not been served in this action, these entities are not in a position to request a conditional transfer order to send this case to the MDL proceeding." *Id.* at 2–3. Nevertheless, they did observe that "these and other unserved

entities did . . . send a letter to Judge Koeltl . . . noting that losartan-related claims would soon be included in the MDL proceeding and suggesting that the Court transfer this case there after granting Sandoz . . . 's request for clarification and after amending the case caption appropriately." *Id.* at 3 n.8 (referring to [ECF No. 15]).[2]

Thereafter, the Court permitted Sandoz to renew its motion, [ECF No. 58], and Sandoz did so. [ECF No. 61]. Plaintiff did not respond, but later addressed a letter to the Court seeking action. [ECF No. 63]. Sandoz's motion is ripe for decision by the Court.[3]

The Court clarifies that Sandoz is not properly named as a defendant in this action. In the first instance, as Sandoz has pointed out repeatedly, "Plaintiff did not identify Sandoz Inc. by name in the caption nor did she identify an address corresponding to a Sandoz Inc. location when providing the United States Marshalls with service addresses." [ECF No. 33-1] at 3 (citing AC at 1; *id.* at 7).

"When a plaintiff omits the name of a defendant from the caption," or simply misspells a defendant's name, "but accurately identifies the defendant and includes allegations against it . . . in the body of the complaint, such an omission is viewed as a technical defect." *Dolphin v. Waterbury Police Dep't*, No. 3:05CV426 (HBF), 2008 WL 2568667, at *4 (D. Conn. June 24,

[2] In this connection, Plaintiff has indicated both that she wishes "to join the class action [sic] MDL 2875 pending in New Jersey," [ECF No. 42], and that she would prefer "that this case be continued here in the Southern District Court," [ECF No. 47]. Sandoz "would oppose transfer of this case prior to resolution of its motion," [ECF No. 57] at 3 n.11, as it would be unfair to draw it "into wide-ranging and large MDL proceedings without there being a complaint actually naming and properly pleading a claim against [Sandoz] and without service having been completed in this case on a single actual entity," [ECF No. 62] at 3 n.3. Sandoz also advised "that the MDL court had not yet certified a losartan class action" as of November 2023. [ECF no. 57] at 2.

[3] The Court sincerely apologizes to Plaintiff and the other entities who have participated in this litigation for its delay. The Court also notes that Plaintiff has requested appointment of pro bono counsel. [ECF No. 48]. Because of the not insubstantial lapse occasioned by the stay of this case, the proceedings remain too undeveloped for the Court to determine whether Plaintiff's position is "likely . . . of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Accordingly, that request is denied.

2008) (citation modified, collecting cases, including *O'Neal v. County of Nassau*, 992 F.Supp. 524, 531 (E.D.N.Y.1997), *aff'd*, 133 F.3d 907 (2d Cir. 1998)). This is not such a case.

Indeed, as Sandoz further points out, "the allegations in the amended complaint . . . fail to identify Sandoz Inc. or any form of 'Sandoz' at all." [ECF No. 33-1] at 7 (citation modified). This is in marked contrast to other defendants who are identified—directly or indirectly—in Plaintiff's pleadings. *See, e.g.*, AC at 3 (noting recall of losartan by "Torrent Pharmaceuticals" (citation modified)), 6 (naming "Torrent Pharmaceuticals"), 7 (naming "Zhejiang Hushai," "Huahai US. Inc," "Thomas Kendris," and "Hetero Labs USA Inc" (citation modified)), 8 (noting recalls of losartan by "Torrent Pharmaceuticals" and "Cmbr Pharmaceuticals" (citation modified)), 9 (identifying "Zhejiang Hahai Torrrent" as drug manufacturer (citation modified)), 23 (noting recalls of losartan by "Camber Pharmaceuticals" and "Torrent Pharmaceuticals" (citation modified)), 28 (suggesting as in some way causally responsible "Hejuang Huagai Pharmaceutical Co" and "Torrent Pharmaceuticals" (citation modified)). Likewise, "the amended complaint attaches pharmacy records and other documents from CVS and Duane Reade pharmacies, but those records do not name Sandoz Inc. or identify [any] Sandoz Inc. product as the cause of [Plaintiff's] alleged damages," instead "only referenc[ing] Torrent as the manufacturer of the recalled losartan she may have received." [ECF No. 33-1] at 3–4 (citation modified, referring to AC at 19–22, 24–27); *see also* [ECF No. 62] at 2 (similar).[4]

[4] The CVS records are explicit in this regard. *See* AC at 19 ("Torrent issued a voluntary recall of losartan-containing products," and "our records show you may have received a prescription for [an] affected medicine recently." (citation modified)). The Duane Reade records, by contrast, do not include a preamble, and refer to the manufacturer only obliquely, by way of FDA National Drug Codes. *Id.* at 24–27. In order to decrypt these references, however, the Court need not rely on Sandoz's citations to a defective link to the FDA's National Drug Code Directory, *see* [ECF No. 33-1] at 4 n.2 (citing National Drug Code Directory (Dec. 3, 2019), FDA, https://www.accessdata.fda.gov/scripts/cder/ndc/dsp_searchresult.cfm); [ECF No. 62] at 2 n.2 (similar), because the National Drug Code cited for losartan in the Duane Reade records is also cited in the CVS records. *Compare* AC at 22 ("13668-0118-90") *with id.* at 24–27 (same); *see also id.* at 8 (Plaintiff alleging that she was prescribed losartan "from lot 13668-0188-90").

"A court can, under Rule 21, drop a defendant from an action when the plaintiff alleges nothing about that named defendant and therefore has not stated a claim against it or shown that it is properly joined to the action." *Alahi v. New York City, New York*, No. 25-CV-9204 (VSB), 2026 WL 161117, at *3 (S.D.N.Y. Jan. 21, 2026) (citation modified, collecting cases); *see also Vang v. Valdese Weaver*, No. 1:25-CV-7150 (LTS), 2025 WL 2988956, at *1 (S.D.N.Y. Sept. 12, 2025) (same). Sandoz does not invoke Federal Rule of Civil Procedure 21, instead referring to "the Court's inherent power to control its docket," generally, and, in the alternative, Federal Rule of Procedure 12(b)(6). [ECF No. 33-1] at 1.

Nevertheless, the Court's authority to "drop a party" under Federal Rule of Civil Procedure 21 may be exercised "at any time," "on motion or on [the Court's] own." Fed. R. Civ. Pro. 21 (citation modified); *see also Hayes v. Westchester Med. Ctr.*, No. 7:25-CV-10273 (NSR), 2026 WL 412121, at *1 (S.D.N.Y. Feb. 13, 2026) ("Rule 21 affords courts discretion to shape litigation in the interests of efficiency and justice." (citation modified)). The Court exercises that authority here to drop Sandoz as a party to this litigation.

What remains of the Amended Complaint is TRANSFERRED, as initially contemplated by Judge Koeltl, to the District of New Jersey for consolidation with MDL Number 2875.

**CONCLUSION**

Accordingly, to the extent that the Amended Complaint could be construed to have named Sandoz as a Defendant, it is hereby ORDERED, pursuant to Federal Rule of Civil Procedure 21, that Sandoz is dropped as a party to this litigation. The remainder of the Amended Complaint is TRANSFERRED to the District of New Jersey for consolidation with MDL Number 2875. Plaintiff's request for pro bono counsel is DENIED without prejudice.

**SO ORDERED.**

**Date: November 5, 2026**
**New York, NY**

Mary Kay Vyskocil
**MARY KAY VYSKOCIL**
**United States District Judge**